| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-05893-CAS(FFMx) | Date | February 24, 2020 |
| Title | UNITED STATES OF AMERICA v. $136,800 IN U.S. CURRENCY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Steven Welk | Not Present | |

**Proceedings:** PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
(Dkt. [ 17 ], filed December 20, 2019)

## I. INTRODUCTION

On July 9, 2019, the United States of America ("the government") initiated this civil forfeiture action by filing a verified complaint against defendant $136,800 in U.S. currency ("defendant currency") pursuant to 21 U.S.C. § 881(a)(6). Dkt. 1 ("Compl."). The government alleges that the defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it represents, or is traceable to, proceeds of illegal narcotics trafficking, or, in the alternative, was used or intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq. Id. ¶ 23.

On December 12, 2019, the Clerk of Court entered default against potential claimants Dewayne Sherrille Douglas ("Douglas"), Donald Langram Sr. ("Langram"), and all other potential claimants to the defendant currency. Dkt. 16. The government filed the instant motion for default judgment on December 20, 2019. Dkt. 17 ("Mot.").

The Court held a hearing on February 24, 2020. Having carefully considered the government's arguments, the Court finds and concludes as follows.

## II. BACKGROUND

On April 8, 2018, a California Highway Patrol ("CHP") officer noticed a suspicious vehicle on the highway near Long Beach, California. Compl. ¶ 8. At approximately 9:25 p.m., the officer observed the vehicle, a 2003 white Ford Ranger ("the Ford"), swerve onto the highway's left lane "for approximately 100 feet before jerking back to the right" lane,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-05893-CAS(FFMx) | Date | February 24, 2020 |
| Title | UNITED STATES OF AMERICA v. $136,800 IN U.S. CURRENCY | | |

violating the California Vehicle Code. Compl. ¶ 8. The officer subsequently initiated a traffic stop, instructing the driver of the Ford to exit the highway. Id. ¶ 9.

The officer proceeded to investigate the traffic violation. Compl. ¶ 10. The officer requested that Dewayne Sherille Douglas ("Douglas"), the Ford's driver, provide the officer with his driver's license and vehicle registration. Id. Douglas next handed the officer his Nevada-issued license, telling the officer that the Ford belonged to Douglas' friend. Id. Douglas also relayed to the officer that he had taken the bus from Nevada to California. Id. The officer detected the smell of alcohol coming from the vehicle and therefore decided to conduct a sobriety test on Douglas, later determining that Douglas was *not* under the influence of alcohol. Id. The officer specifically asked Douglas whether Douglas had "any drugs, money, or guns in the Ford," and "Douglas stated he did not." Id. ¶ 12.

Next, the officer spoke to the passenger in the Ford. Compl. ¶ 11–12. The passenger, a California resident, identified himself as Donald Langram Sr. ("Langram"). Id. ¶ 11. Langram told the officer that he had been drinking, and that he and Douglas were driving from a friend's house. Id. Langram stated that Douglas was dropping him off at his sister's house. Id. Contrary to what Douglas told the officer, Langram told the officer that Douglas had driven from Nevada to California. Id.

The officer next conducted a check for narcotics with his "state-certified narcotic detection canine." Compl. ¶ 12–13. Before the officer conducted the check, Langram confessed that "he had a small marijuana cigarette inside the ashtray of" the car. Id. "Maxo," the officer's canine, sniffed the Ford's exterior, ultimately directing the officer to the ashtray inside the Ford as well as a black backpack located inside the vehicle. Id.

The officer proceeded to open the backpack, finding 13 individually banded stacks of U.S. currency placed inside two separate black bags. Compl. ¶ 13. The officer told Douglas that because Maxo was trained in detecting narcotics and because Maxo positively alerted to the backpack, the officer believed that the money inside had been used in connecting with narcotics.[1] Id. Douglas told the officer that the money belonged to him,

---

[1] The government also alleges that on a subsequent occasion on September 27, 2018, officers conducted a search for narcotics and weapons on a bus that Douglas had boarded in Los Angeles, California, and that was bound for Las Vegas, Nevada. Compl. ¶ 14. According to the government, a different narcotics detention canine positively alerted to the presence of narcotics in a backpack that officers believed belonged to Douglas. Compl.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-cv-05893-CAS(FFMx) | Date | February 24, 2020 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. $136,800 IN U.S. CURRENCY | | |

estimating that there was $125,400.00 inside the backpack. The officer found the remainder of the defendant currency, $11,400.00, inside Douglas' front right pocket and Douglas' wallet. Compl. ¶ 13. Langram denied having any knowledge of the backpack and its contents, explaining that "he was just getting a ride." Id. The $125,400.00 found inside Douglas' backpack and the $11,400.00 found inside Douglas' front right pocket together comprise the defendant currency that is the subject of this forfeiture action.

## III. LEGAL STANDARD

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55. Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 2:04-cv-05865-SJO-Mc, 226 F.R.D. 388, 392 (C.D. Cal. 2005). The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55–1 and 55–2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That

---

¶¶ 15, 17. During the September 27, 2018 search, officers discovered three kilograms of cocaine in the backpack. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:19-cv-05893-CAS(FFMx) | Date | February 24, 2020 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. $136,800 IN U.S. CURRENCY | | |

notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55–1.

## IV. DISCUSSION

In its motion for default judgment, the government indicates that the procedural requirements governing civil forfeiture and default judgment have been satisfied in this case and argues that the Eitel factors weigh heavily in support of entering default judgment. Mot. at 5–6. The court addresses the government's contentions below.

### A. Procedural Requirements

Any property subject to forfeiture to the United States may be seized in the manner set forth in 18 U.S.C. § 981(b). See 21 U.S.C. § 881(b). Pursuant to 18 U.S.C. § 981(b)(2)(A), a seizure may be made without a warrant if a complaint for forfeiture has been filed in district court and the court has issued an arrest warrant *in rem* pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. R."). Supplemental Rule G includes several judicial authorization, process, and notice requirements. The government must file a verified complaint that states the grounds for jurisdiction and venue, describes the property being forfeited with reasonable particularity, identifies the statute under which the forfeiture action is brought, and states sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Supp. R. G(2)(a)–(f). The clerk must then issue a warrant to arrest the property if it is in the government's possession, custody, or control, and process must be executed on the property. Supp. R. G(3)(b)–(c). The government is required to give notice to potential claimants by publication and by sending direct notice of the pending forfeiture action to any person who reasonably appears to be a potential claimant. Supp. R. G(4)(a)–(b). Local Admiralty Rule C.4(a) also requires notice by publication and direct notice by first-class mail to persons known to have an interest in the property.

The Court finds that the government has satisfied the requirements of 18 U.S.C. 981(b)(2)(A), Supplemental Rule G, and Local Admiralty Rule C.4(a). As mandated by Supplemental Rule G(2), the government filed a verified complaint on July 9, 2019 that states the grounds for jurisdiction and venue, describes the property being forfeited with reasonable particularity, identifies the statute under which the forfeiture is brought, and includes sufficient factual detail to support a reasonable belief that government will be able to meet its burden of proof at trial. See generally Compl. In accordance with Supplemental Rule G(3), the Clerk immediately issued an arrest warrant in rem for the defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:19-cv-05893-CAS(FFMx) | Date | February 24, 2020 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. $136,800 IN U.S. CURRENCY | | |

currency. Dkt. 8. And, on August 23, 2019, process was executed upon the defendant currency by the U.S. Marshals Service. Dkt. 12. As required by Supplemental Rule G(4)(a), the government posted notice of the forfeiture on an official government website (www.forfeiture.gov) for at least 30 consecutive days, beginning on July 24, 2019. Dkt. 17-3. On or about August 6, 2019, the government sent notice of the complaint to known potential claimants Langram and Douglas and to the address of Douglas's attorney, Donald B. Marks ("Marks"), in Los Angeles, California pursuant to Supplemental Rule G(4)(b). Dkt. 1711, Declaration of Katharine Schonbachler ("Schonbachler Decl.") The notices were sent by certified mail with a claim letter describing the defendant currency and giving notice as to the time within which a claim and answer were required to be filed as provided by the Local Rules. See Supp. R. G(4)(b)(ii). The letters sent to Douglas and Marks were delivered, and a second letter sent to Langram was presumed to be delivered because it was not returned. See Schonbachler Decl.; Supp. R. G(4)(b)(iii) ("Notice may be sent to the potential claimant or to the attorney representing the potential claimant.").

The Court finds that the government has also satisfied the procedural requirements articulated by Rule 55 and Local Rule 55–1. For example, the government submitted a declaration indicating that default was entered against the interests of Douglas, Langram, and all unknown potential claimants on December 11, 2019. Schonbachler Decl. ¶ 14. The declaration also states, on information and belief, that potential claimants are neither minors nor incompetent persons, that potential claimants do not serve in the military, and that the Servicemembers Civil Relief Act does not apply. Id. ¶ 16. Finally, the declaration indicates that on December 20, 2019, the motion for default judgment "was served by U.S. mail to potential claimants Douglas and Langram at their last known addresses." Id. ¶ 17.

### B. Application of the Eitel Factors

The government asserts that the Eitel factors support the Court entering default judgment against the defendant currency. The Court addresses each factor in turn.

#### 1. Possibility of Prejudice

The first Eitel factor considers whether a plaintiff will suffer prejudice if default judgment is not entered. Eitel, 782 F.2d at 1471–72. This factor favors entry of a default judgment where, absent entry of default judgment, a plaintiff "will likely be without other recourse for recovery" if default judgment is not entered. PepsiCo, Inc., 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:19-cv-05893-CAS(FFMx) | Date | February 24, 2020 |
| Title | UNITED STATES OF AMERICA v. $136,800 IN U.S. CURRENCY | | |

Here, absent the entry of default judgment, the government will likely be without other recourse for recovery because "it would be forced to continue litigation even though no party has filed an answer or a claim." See United States v. Approximately $194,752 in U.S. Currency, No. 11-cv-1400-EMC, 2011 WL 3652509, at *3 (N.D. Cal. Aug. 19, 2011) (finding possibility of prejudice factor satisfied where government moved for default judgment in civil asset forfeiture case). Accordingly, this factor weighs in favor of entering default judgment.

### 2. Substantive Merits and Sufficiency of the Claim

The second and third Eitel factors require the Court to address "the merits of plaintiff's substantive claim [and] the sufficiency of the complaint." Eitel, 782 F.2d at 1471. "To prevail in an action under 21 U.S.C. § 881(a)(6), the government must prove by a preponderance of the evidence that the property was (1) furnished or intended to be furnished in exchange for a controlled substance; (2) traceable to such an exchange; or (3) used or intended to be used to facilitate a violation of federal drug laws." United States v. $23,100 in U.S. Currency, No. 2:19-cv-00190-CAS-JPR, 2019 WL 3237508, at *4 (C.D. Cal. July 15, 2019). When the government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense or was involved in the commission of a criminal offense, it must also establish a substantial connection between the property and the offense. 18 U.S.C. § 983(c)(3). "The determination [of] whether the government has met its burden of proof is based on the aggregate of the facts, including circumstantial evidence." United States v. $49,790 in U.S. Currency, 763 F. Supp. 2d 1160, 1166 (N. D. Cal. 2010) (citing United States v. $42,500 in U.S. Currency, 283 F.3d 977, 980 (9th Cir. 2002)).

Accepting the factual allegations in the complaint as true, the Court finds that the second and third Eitel factors favor entry of default judgment. First, law enforcement seized defendant currency pursuant to a lawful search triggered by a positive alert by a canine trained in the detection of narcotics. See United States v. $84,740 Currency, 981 F.2d 1110, 1111 (9th Cir. 1992) (affirming default judgment in civil forfeiture action regarding money seized during lawful search). Second, Douglas was carrying a substantial portion of the defendant currency in a backpack in "13 individually banded stacks," supporting an inference that money was related to narcotics. See $42,500 in U.S. Currency, 283 F.3d at 981–82 (noting that a large amount of cash is "strong evidence" that the money was furnished or intended to be furnished in return for drugs). Finally, Douglas' inaccurate statement to the officer during the April 8, 2018 traffic stop that Douglas did not have any money in the Ford, Compl. ¶ 12, which was contradicted by the officers' subsequent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-05893-CAS(FFMx) | Date | February 24, 2020 |
| Title | UNITED STATES OF AMERICA v. $136,800 IN U.S. CURRENCY | | |

discovery of a portion of the defendant currency inside Douglas' backpack, suggests a connection between the defendant currency and narcotics. See United States v. $215,300 U.S. Currency, 882 F.2d 417, 419 (9th Cir. 1989) (attempts to avoid detection by concealing or lying about the money supported an inference that the money was drug-related).

### 3. Amount of Money at Stake

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct. PepsiCo, 238 F.Supp.2d at 1176. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). "While the allegations in a complaint are taken to be true for the purposes of default judgment, courts must make specific findings of fact in assessing damages." Moroccanoil, Inc. v. Allstate Beauty Prod., Inc., 2:11-cv-02125-DMG-AGR, 847 F. Supp. 2d 1197, 1202 (C.D. Cal. 2012). The Court reviews declarations, calculations, and other damages documentation to determine whether the sum of money at stake is appropriate. Craneveyor Corp. v. AMK Express Inc., No. 2:16-cv-6049-RSWL-E, 2017 WL 89553, at *5 (C.D. Cal. 2017).

Here, the amount of money at stake, $136,800.00, is substantial, but the government has demonstrated by a preponderance of the evidence that it was used in violation of federal drug laws. Thus, this factor weighs in favor of default judgment. See United States v. $150,990.00 in U.S. Currency, No. 2-12-cv-01014-JAD, 2014 WL 6065815, at *3 (D. Nev. Nov. 10, 2014) (finding that fourth Eitel factor weighed in favor of entering default judgment in civil asset forfeiture case where $150,999.00 was at stake because "the money was used or was intended to be used to buy and sell drugs, a serious violation of federal law; and the sum seized falls within the range other courts have found to favor default judgment in similar drug-related cases.").

### 4. Possibility of a Dispute Concerning a Material Fact

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." Id. Here, the fifth Eitel factor favors the entry of default judgment because the government has adequately alleged a civil forfeiture claim, and, despite the government's repeated written notices of the filing of this action and the present motion for default judgment, no potential claimant or interested party has appeared to date. See United States v. $99,870.00 in U.S. Currency,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-05893-CAS(FFMx) | Date | February 24, 2020 |
| Title | UNITED STATES OF AMERICA v. $136,800 IN U.S. CURRENCY | | |

No. 2:15-cv-04663-ODW-AGR, 2015 WL 7194295, at *4 (C.D. Cal. Nov. 16, 2015) (finding fifth Eitel factor favored entry of default judgment because "[s]ince Plaintiff's factual allegations are presumed true and the Interested Parties failed to oppose the motion, no factual disputes exist that would preclude the entry of default judgment.").

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether a defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. Here, the government provided notice of the filing of this action and of the present motion for default judgment by mail to potential claimants Douglas and Langram. See generally Schonbachler Decl. A letter to Marks, Douglas' attorney, was confirmed delivered by the United States Postal Service on August 8, 2019, and Marks subsequently requested from the government, on two separate occasions, extensions of time for Douglas to respond to the complaint in this action. Id. ¶¶ 7, 9. Accordingly, the sixth Eitel factor favors entry of default judgment. See $99,870.00 in U.S. Currency, 2015 WL 7194295, at *5 (finding sixth Eitel factor favored entry of default judgment in civil asset forfeiture case where potential claimants failed to appear despite being served because "courts recognize that a party's failure to respond after receiving notice is unlikely to constitute excusable neglect.").

### 6. Policy Favoring a Decision on the Merits

Under the seventh Eitel factor, the Court weighs the strong policy favoring a decision on the merits. See Eitel, 782 F.2d at 1472. However, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted). That is because, "where . . . a defendant fails to answer the plaintiff's complaint, a decision on the merits is impractical, if not impossible." $99,870.00 in U.S. Currency, 2015 WL 7194295, at *5. Accordingly, the seventh Eitel factor does not preclude the Court from entering default judgment against the defendant currency. See id.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the government's motion for default judgment. The defendant currency of $136,800 is hereby forfeited to the government pursuant to Section 881(a)(6).[2] All right, title, and interest in the defendant

---

[2] "[O]nly the amount prayed for in the complaint may be awarded to the plaintiff in a default." Elektra, 226 F.R.D. at 393 (citing Fed. R. Civ. P. 54(c)). Here, the government's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-cv-05893-CAS(FFMx) | Date | February 24, 2020 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. $136,800 IN U.S. CURRENCY | | |

currency is vested in the United States. The Clerk is instructed to enter judgment in favor of the United States.

    IT IS SO ORDERED.

|  | 00 : 01 |
|---|---|
| Initials of Preparer | CMJ |

---

motion for default judgment seeks the forfeiture of the defendant currency, the same relief that the government sought in its complaint.